UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-20289

NANCY GOULD,

    Plaintiff,

v.

CARNIVAL CORPORATION
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, NANCY GOULD ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. This Court also have diversity jurisdiction over the parties under 28 U.S.C.§ 1332.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of Kentucky.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. At all times relevant, Defendant owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Breeze*.

11. The incident occurred on or about May 18, 2018 while Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the Carnival *Liberty*.

12. While Plaintiff was on the pier at the port of Nassau, she was returning to the ship with her 4 year old daughter.

13. In front of Plaintiff, a couple that were also passengers on the *Liberty* were in the process of returning to the ship. However, the couple appeared to be in a heated argument.

14. As the couple walked and argued, the man suddenly stopped and punched his wife/girlfriend in the head. All of her belongings went flying and the incident caught the attention of many of the other passengers on the pier's attention.

15. Plaintiff attempted to assist the woman gather her belongings before returning to the ship.

16. Next to the Carnival *Liberty* in port was the MSC *Seaside* who also had passengers returning to that ship after the day in Nassau.

17. Many of the passengers on the concrete pier and on the balconies of both ships started to yell at the man who had just battered his wife/girlfriend for hitting a woman.

18. One of the MSC security officers observed the incident and reported the incident to Carnival security.

19. In view of the Plaintiff, the MSC security officer explained in detail the incident wherein the Carnival passenger assaulted his female companion and gestured to the pair in line waiting to board the vessel.

20. Despite being told of the male passenger's assault of his female companion, Carnival security ignored the warning provided to them about the aggressive nature of the male individual.

21. Several minutes after Carnival had been warned of the aggressive male passenger, Plaintiff was still in line with her four year old daughter coordinating their plans for the afternoon.

22. While Plaintiff and her daughter were conversing, the male had another aggressive outburst. The male violently pushed his own wife into Plaintiff knocking her down the gangway while in the process of standing in line while trying to board. As a result of the fall, the Plaintiff

suffered injuries that included, but are not limited to, a severe concussion and traumatic brain injury.

23. Instances of unruly passenger behavior, including assaults by passengers, occur aboard Defendant's vessels at an alarming rate. Yet Defendant fails to take adequate steps or provide adequate security and/or training and/or supervision to prevent such assaults and fails to warn passengers of the dangers of these assaults. Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant willfully chooses not to warn its passengers about assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of the Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, No 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

24. Defendant has a system intentionally set up wherein the investigating security team is not provided with sufficient information to assess the extent of the bodily injury that a Plaintiff has suffered to avoid federal reporting requirements under the Cruise Vessel Security and Safety Act ("CVSSA").

25. This willful ignorance is intentionally concocted to avoid the negative attention of reporting high crime statistics to the department of transportation under the CVSSA and to conceal the crime risks on vessels in Defendant's fleet.

26. At all times relevant, the staircase/stairwell area, and the area surrounding the staircase/stairwell was unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

27. This area lacked adequate safety features to prevent Plaintiff's fall.

28. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

29. These hazardous conditions existed for a period of time before the incident.

30. These conditions were neither open nor obvious to Plaintiff.

31. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

32. At all times relevant, Defendant failed to adequately inspect the staircase/stairwell area, and the area surrounding the staircase/stairwell, to ensure that it was reasonably safe, and in a reasonably safe condition.

33. At all times relevant, Defendant failed to eliminate the hazard(s).

34. At all times relevant, Defendant failed to properly maintain this area.

35. At all times relevant, Defendant failed to maintain the floor which made up this area.

36. At all times relevant, Defendant participated in the design and/or approved the design of the staircase/stairwell's floor area.

37. At all times relevant, Defendant participated in the installation and/or approved the installation of the staircase/stairwell's floor.

38. At all times relevant, Defendant participated in the design and/or approved the design of the area surrounding the stairwell.

39. At all times relevant, Defendant failed to properly train and supervise its crew.

40. At all times relevant, Defendant failed to maintain and/or operate proper crowd control procedures in this area.

## COUNT I
## NEGLIGENCE

41. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 28 as is set forth herein.

42. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

43. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

44. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

45. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

46. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to provide reasonably safe conditions for Plaintiff aboard Defendant's vessel and to embark on its vessels. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could hurt passengers; target passengers; and/or intimidate passengers;

   b. Failing to adequately monitor the vessel;

   c. Failing to adequately monitor the hallways;

   d. Failing to adequately monitor passengers targeting passengers;

   e. Failing to provide adequate security aboard the vessel;

   f. Failing to provide proper security measures and/or personnel for the protection of its passengers;

g.  Failing to take reasonable precautions and safety measures for the safety of its passengers;

h.  Failing to enforce its respective internal policies and/or guidelines regarding unruly passengers;

i.  Failing to enforce its "zero tolerance approach" to excessive behavior that affects other guests;

j.  Failing to warn passengers of the dangers of aggressive passengers aboard Defendant's ships;

k.  Failing to protect passengers from aggressive passengers aboard Defendant's ships;

l.  Failing to promulgate and/or enforce adequate policies and/or procedures to prevent fights and/or confrontations aboard Defendant's ships;

m.  Failing to promulgate and/or enforce adequate policies and/or procedures designed to prevent passengers from targeting other passengers;

n.  Failing to provide adequate training for their crewmembers;

o.  Failing to provide adequate supervision for their crewmembers;

p.  Negligently hiring its crew members, including, but not limited to, the security officers who should have been monitoring the ship;

q.  Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

r.  Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

47. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

48. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

49. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

50. The losses are either permanent or continuing in nature.

51. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, NANCY GOULD demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including punitive damages, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, NANCY GOULD, demands trial by jury on all issues so triable.

**Dated:** January 21, 2019

Respectfully submitted,

 /s/  Raul G. Delgado II
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Raul G. Delgado II, Esq.**
Florida Bar No.: 94004
rdelgado@aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 115973
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:       (305) 441.0440
F:       (305) 441.0198
***Attorneys for Plaintiff***