UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-20289-GOODMAN

[CONSENT]

**NANCY GOULD**,

　　　Plaintiff,

v.

**CARNIVAL CORPORATION**,

　　　Defendant.

_____/

<u>ORDER ON CARNIVAL'S MOTION TO TAX COSTS</u>

Carnival Corporation ("Defendant" or "Carnival") seeks $8,452.25[1] in taxable costs for successfully defending a negligence lawsuit brought by Nancy Gould ("Plaintiff" or "Gould").

---

[1]　Carnival initially sought $12,716.51 in costs. [ECF No. 199]. However, after Gould filed her response, Carnival filed an Amended Bill of Costs. [ECF No. 202-1]. The Amended Bill of Costs seeks to recover $8,452.25 in costs. It reduced the amount of costs sought for printed or electronically recorded transcripts from $6,183.57 to $1,920.00. *Id.* All other categories of costs remained the same. *Id.* As will be explained in more detail below, Carnival made a typographical error when it reduced the amount requested in the printed or electronically recorded transcripts category. The category Carnival meant to reduce was the category for the service of summonses and subpoenas. In any event, additional reductions, beyond those voluntarily made by Carnival in the Amended Bill of Costs, are warranted for the reasons explained in this Order.

For the reasons discussed below, the Undersigned **grants in part and denies in part** Carnival's motion to tax costs, and awards Carnival **$7,761.25** in taxable costs plus interest from the date of the original final judgment.[2]

## I.      Background

Gould sued Carnival for one count of negligence. [ECF No. 1]. The parties consented to magistrate judge jurisdiction and Chief United States District Judge Cecilia M. Altonaga referred the matter to the Undersigned for all further proceedings, including trial. [ECF Nos. 125; 126]. Following a four-day Zoom bench trial, the Undersigned issued Findings of Fact and Conclusions of Law and entered a Final Judgment in favor of Carnival. [ECF Nos. 194; 195]. Plaintiff filed a notice of appeal, [ECF No. 196], and the matter remains pending before the United States Court of Appeals for the Eleventh Circuit.

As the prevailing party, Carnival now seeks $8,452.25 in costs for the service of subpoenas; obtaining deposition, hearing and trial transcripts; printing costs for trial exhibits; and obtaining copies of Plaintiff's medical records. [ECF Nos. 199-1; 202-1].

Plaintiff, in her response, raises multiple objections to the costs sought by Carnival. [ECF No. 200]. Plaintiff asserts that, in the interest of judicial economy, the Court should defer ruling on the Bill of Costs until the conclusion of the appeal. Plaintiff also contends

---

[2]      "The prevailing party is entitled to post-judgment interest from the date of the original judgment on the award of costs pursuant to 28 U.S.C. § 1961(a)[.]" *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012).

-- without any supporting affidavits, declarations, or documents -- that she "is a person of modest means" and, for this reason, the Court should deny outright Carnival's request for an award of costs. *Id.* at p. 3. Lastly, Plaintiff argues that certain costs should be reduced or eliminated because Carnival failed to provide an adequate explanation or because the amounts sought are not justified.

## II.    Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Carnival is the prevailing party in this case based on the Court's entry of a Final Judgment in its favor. [ECF No. 195]. Carnival is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

## III.  Analysis

The categories of costs for which Carnival seeks reimbursement are: fees for service of summonses and subpoenas; fees for printed or electronically recorded transcripts; fees and disbursements for printing; and fees for exemplification and the costs of making copies of materials. [ECF Nos. 199; 202-1].

As noted above, Gould contests many of these costs. At the outset, Gould argues that this Court should defer ruling on costs during the pendency of the appeal. [ECF No. 200]. Gould also argues that the Court should deny Carnival's request for costs because

4

she "is a person of modest means." *Id.* at 3. Further, Gould asserts that certain items in Carnival's Bill of Costs should not be awarded or should be reduced because they are not taxable, exceed the recoverable amount, or lack an adequate explanation. *Id*. These arguments will be addressed below.

### A.      Ruling on Bill of Costs During Pendency of Appeal

Gould asks the Court to defer ruling on costs during the pendency of the appeal. Gould asserts that waiting until the conclusion of the appeal is in the interest of judicial economy. She notes the possibility that if she prevails on appeal, Defendant would no longer be entitled to costs as the prevailing party. [ECF No. 200, p. 2 ("[T]here is a possibility that monies paid for costs will be transferred multiple times before the final successful party obtains their cost[s] (or the case settles).")]. She also asserts (without providing any evidence) that the payment of a costs judgment would be a "substantial burden" on her. *Id.*

"The decision whether to defer ruling on the issue of costs pending appeal is a matter within the Court's discretion." *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *3 (M.D. Fla. July 13, 2021), report and recommendation adopted, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021). There are several relevant factors which a Court may assess in determining whether to defer ruling on a costs motion:

> In considering motions to stay collateral trial court proceedings, such as the issue of costs, pending an appeal, courts consider: (1) whether the movant

is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest.

*Id.* at *3.

In the instant case, the Undersigned is not persuaded that Plaintiff has shown she will likely prevail on appeal or that she would suffer irreparable harm if the matter is not stayed. *See Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015) (denying request to defer ruling on costs motion where plaintiffs "ha[d] not asserted sufficient facts to justify a deferral or stay" and "ha[d] not shown that they would be irreparably harmed by an award of costs to Defendant as the costs would be transferred back to [p]laintiffs if they prevail[ed] on their appeal").

## B.    Plaintiff's Financial Status

Plaintiff also argues that she "is a person of modest means" and, for this reason, the Court should deny Defendant's request for costs. "A non-prevailing party's financial status is a factor that a district court *may*, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Importantly, the Eleventh Circuit has stated that "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require *substantial documentation of a true inability to pay*." *Id.* (emphasis added). There must be "be clear proof of the non-prevailing party's **dire** financial circumstances before that factor can be considered." *Id.* (emphasis added).

6

Here, Plaintiff fails to support her claim of modest financial means with *any* evidence. She has not filed a declaration or affidavit attesting to her financial condition, has provided no information concerning her assets, liabilities, or monthly expenses, and has not filed any bank statements, tax returns, W-2s, or other documents which would assist the Court in evaluating Plaintiff's financial status. There is also no evidence, already on the record, establishing Plaintiff's financial circumstances. For instance, Plaintiff is not proceeding *in forma pauperis*. Because Plaintiff failed to provide the necessary evidentiary support for this argument, the Court need not determine whether it would consider Plaintiff's financial status as a factor in awarding costs.

Having found no basis to defer ruling on costs or to deny or reduce Carnival's award of costs based on Plaintiff's financial status, the Undersigned turns to Plaintiff's remaining arguments.

## C.      Fees for Service of Summonses and Subpoenas

Carnival seeks to recover $4,035.00 for the service of subpoenas on "witnesses, experts, treating doctors, and Plaintiff's employer." [ECF No. 199-1, p. 4].

Gould contends the Court should deny these costs in their entirety or, at most, award Carnival $2,100.00. [ECF No. 200, pp. 4-5]. Gould argues that the $95.00 rate sought by Carnival for out-of-state subpoenas is excessive and that Carnival unnecessarily served certain entities multiple times. *Id*. Further, Gould argues these subpoenas were unnecessary because they ultimately: (1) provided no useful evidence to Carnival and (2)

in the case of Plaintiff's experts, Plaintiff would have produced these witnesses for deposition. *Id.* at 5. These arguments are addressed in turn.

### 1.      Rate for Service of Process

In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *W&O*, 213 F.3d at 624). The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

In its reply, Carnival emphasized that the $65.00 rate charged by the U.S. Marshals is an hourly rate, not a flat fee. [ECF No. 203, p. 2]. Nonetheless, Carnival acknowledged that its "process server did not record the number of hours it took to serve each subpoena" and, therefore, agreed to reduce its requested out-of-state subpoena rate from $95.00 to $65.00 per service of subpoena. *Id.* Carnival also conceded that it should not have sought reimbursement for "additional addresses." *Id.* (explaining that "[i]n its initial Bill of Costs, counsel inadvertently added 'additional addresses' in its calculation. Additional addresses are charges where a process server travels to multiple locations in order to accomplish service.").

Carnival's revised rate of $65.00 per service of out-of-state subpoenas and its rate of $55.00 per service of in-state subpoenas are reasonable under § 1920(1) and the case law in this Circuit. *See, e.g., Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) ("[I]n the absence of documented travel or out-of-pocket expenses, the maximum recovery per subpoena is $65.00 or the actual cost incurred, whichever is less.").

Having determined appropriate service rates, the Court will next address whether service of some of the subpoenas was reasonable. Before proceeding further, however, the Court must address an error in Carnival's Amended Bill of Costs [ECF No. 202-1].

In its reply, Carnival explained that it was submitting an Amended Bill of Costs to account for the revised rate of $65.00 per-out-of-state subpoena and to exclude charges for "additional addresses." [ECF No. 203, p. 2]. (stating "Carnival submits a revised Bill of Costs reflecting $65 per service of process and removing the additional address charges").

*However*, when Carnival filed its Amended Bill of Costs, it did not reduce the amounts sought in the category titled "[f]ees for service of summons and subpoena"; instead, it mistakenly reduced the costs sought in the category titled "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *Compare* Bill of Costs [ECF No. 199], *with* Amended Bill of Costs [ECF No. 202-1]. As a result, Carnival's Amended Bill of Costs fails to properly reflect the revised costs sought by

Carnival. Notwithstanding this error, the Undersigned will re-calculate below the allowable subpoenas at the approved rates of $55.00 for in-state subpoenas and $65.00 for out-of-state subpoenas.

### 1.     Duplicative Service of Subpoenas

In response to Gould's argument that certain subpoenas were duplicative, Carnival must provide an explanation for why it needed to subpoena the same entity multiple times. *See Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *2-3 (S.D. Fla. Feb. 6, 2018), report and recommendation adopted as modified, No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018) (finding that, because the movant failed to provide more than conclusory evidence for why it needed to issue duplicative subpoenas, the duplicative subpoenas were not recoverable).

Carnival attempts to defend its service of multiple subpoenas to St. Elizabeth Hospital, for example, by arguing that the hospital is expansive, and so Carnival had to subpoena different departments and providers in order to obtain the medical records it needed. [ECF No. 203, p. 2]. Carnival's explanation, however, does not address why the *same* departments or offices needed to be served multiple times. For instance, Carnival served St. Elizabeth Hospital, its departments, and its record custodians a total of ten times (St. Elizabeth Hospital two times, St. Elizabeth Florence Hospital two times, St. Elizabeth Imaging two times, St. Elizabeth P.T. Burlington two times, and St. Elizabeth Sports Medicine Florence two times). [ECF No. 199-5, pp. 2-4]. Additionally, Carnival

served two subpoenas each on Oak Hills Back and Neck Care, Oxford Physical Therapy and Rehab, and Summit Medical Group.

The Court accepts Carnival's explanation for why it needed to serve different departments, locations, or offices, of a large hospital network. However, Carnival's explanation does not address why it needed to serve the *same* department, location, or office of St. Elizabeth Hospital more than once. It also does not account for duplicate subpoenas served on Oak Hills Back and Neck Care, Oxford Physical Therapy and Rehab, and Summit Medical Group. Accordingly, Carnival will be permitted to recover the costs for the service of only one subpoena per provider or entity.

### 2.      Reasonableness of Subpoenas

Next, Gould argues that Carnival failed to show that any of its subpoenas produced useful evidence and, therefore, Carnival should be awarded $0.00 for the costs of the service of the subpoenas. [ECF No. 200, p. 5 ("Since Defendant has not carried its burden of demonstrating that these subpoenas were reasonable or necessary, Ms. Gould respectfully submits that this Honorable Court should deny these $4035.00 in costs.")].

Gould's argument is not well taken. Based on the nature of this case and Plaintiff's alleged injuries, it was reasonable for Carnival to subpoena Plaintiff's medical records, employment records, and insurance records. "Subpoenas directed to medical, employment, and insurance providers for the purpose of investigating plaintiff's allegations of physical injuries and loss of income are taxable under 28 U.S.C. § 1920."

*Brady v. Carnival Corp.*, No. 19-22989-CIV, 2021 WL 1988524, at *2 (S.D. Fla. Mar. 8, 2021), report and recommendation adopted, No. 19-CV-22989, 2021 WL 1998316 (S.D. Fla. May 19, 2021). The Undersigned rejects Gould's argument.

### 3.    Subpoenas Served on Plaintiff's Experts

Next, Gould argues that Carnival is not entitled to costs for the service of subpoenas on Gould's expert witnesses (Centanni Maritime, LLC and Richard J. Ferraro), because Gould would have made her experts available for deposition without a subpoena. [ECF No. 200, p. 5]. Carnival failed to respond to this argument in its reply.

In *Carroll*, the Court declined to award costs to Carnival for the service of subpoenas on witnesses who were willing to attend their depositions voluntarily:

> Carnival presents no evidence that subpoenas were, in fact, necessary to assure the attendance of these individuals. For example, Carnival does not show that these witnesses were evasive or that [plaintiff's] assurances (which were actually her counsel's assurances) were unreliable. *See Cobb v. City of Roswell, Ga.*, 987 F. Supp. 2d 1319, 1323 (N.D. Ga. 2013) (declining to award costs for serving subpoena on the plaintiff's damages expert because the plaintiff agreed to produce the expert "sans subpoena," and the defendant made no showing that the expert was being evasive).

2018 WL 1795469, at *4. Given Carnival's failure to address the necessity of serving subpoenas on Plaintiff's experts, the Undersigned will not award the costs of serving subpoenas on Centanni Maritime, LLC and Richard J. Ferraro.

In sum, the Undersigned **grants in part** Carnival's request for costs associated with the service of subpoenas, in the amount of **$1,225.00** (for subpoenas issued to Critteden Primary Care, Hartford Life and Accident Insurance Co., Jack Cincinnati Casino, Jack

12

Cleveland Casino, Joseph Hartig MD, Medical Mutual, Dr. Scott D. Meyer, Oak Hills Back and Neck Care, Oxford Physical Therapy and Rehab, Riverhills Neuroscience, St. Elizabeth Hospital, St. Elizabeth Imaging, St. Elizabeth Florence Hospital, St. Elizabeth P.T. Burlington, St. Elizabeth Sports Medicine Florence, Deborah G. Smith, Summit Medical Group, Tranquil Sky Counseling, and University of Cincinnati Medical Center).[3]

### D. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

Next, Carnival seeks $6,183.57[4] for printed or electronically recorded transcripts under § 1920(2). Gould, in her response to the initial Bill of Costs, argued that these costs should be reduced by at least $1,842.63 ($305.00 plus $1,467.67 plus $69.96) to account for miscellaneous deposition-related charges incurred for the convenience of counsel, failure

---

[3]    The Undersigned has omitted duplicate subpoenas for identical providers and the subpoenas to Plaintiff's experts. The Undersigned also takes into account Carnival's voluntary reduction for "additional addresses." Because the invoice for service on Jack Cleveland Casino reflects a rate of $55.00, [ECF No. 199-5, p. 5], the Undersigned used that rate. The Undersigned applied a rate of $65.00 per subpoena to the remaining listed subpoenas, which are all out-of-state subpoenas.

[4]    Carnival's Amended Bill of Costs lists the amount in this category as $1,920.00. [ECF No. 202-1]. However, and as explained above, Carnival made a mistake in its Amended Bill of Costs. It subtracted the amounts it voluntarily reduced from the costs of service of *subpoenas* (to account for a lower rate of $65.00 per service of out-of-state subpoena and to omit charges for "additional addresses") from the category entitled "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *Id*. Unlike Carnival's voluntary reductions for service of subpoenas, Carnival's reply contains no voluntary reductions from the category entitled "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Therefore, the Undersigned will start with the original amount sought for this category, $6,183.57, as reflected in the initial Bill of Costs [ECF No. 199].

to attach invoices for the depositions of Carnival's 30(b)(6) corporate representatives, and a per-page surcharge for an expedited hearing transcript. [ECF No. 200, pp. 7-8].

Carnival's reply does not address Plaintiff's challenges to the costs sought in this category. Had Carnival bothered to explain the reason for ordering the July 15, 2020 hearing transcript on an expedited (as opposed to ordinary) basis or submitted more detailed (itemized) invoices for the depositions of its Rule 30(b)(6) corporate representatives, the Court *may* have been inclined to award all or some of these costs.

However, as is, Carnival is entitled to recover costs for the July 15, 2020 hearing transcript only at the non-expedited rate. Expedited transcripts are recoverable if the proponent demonstrates that the expedited rate was necessary. *See, e.g., Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV, 2014 WL 12631667, at *3 (S.D. Fla. July 29, 2014) ("fees for expedited or condensed transcripts . . . are considered to be merely for the convenience of counsel" and therefore are not recoverable); *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) (the cost of an expedited transcript was only necessary because of the aggressive, fast-paced nature of the litigation); *Univ. of Miami v. Intuitive Surgical, Inc.*, No. 04-20409-CIV, 2007 WL 781912, at *1 (S.D. Fla. March 13, 2007) (finding that expedited transcripts are for the convenience of counsel). Here, Carnival fails to make any showing that it needed the hearing transcript on an expedited basis.

14

The Court will also disallow the entire amount sought for the deposition transcripts of Carnival's 30(b)(6) witnesses because there is no way to determine, from the non-itemized invoice submitted, which costs are taxable and which costs were incurred for the convenience of counsel. *See Carroll*, 2018 WL 1795469, at *5 (finding that, when an invoice for a transcript fails to "(break) down the cost," and the proponent fails to provide "necessary detail in its papers," the costs cannot be awarded).

Costs for deposition transcripts are authorized by § 1920(2), insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (authorizing the taxing of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case"). However, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (quoting *W&O*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018), report and recommendation adopted in part, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018) ("[C]ourt-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable.").

Except for the attendance fee, Plaintiff's objections to the deposition and hearing transcripts are well taken. The Undersigned will, however, allow Carnival to recover the

15

$85.00 attendance fee for the deposition of Plaintiff because "many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

In sum, the Undersigned will allow Carnival to recover **$4,425.94** ($6,183.57 minus $1,842.63 (Plaintiff's objections) plus $85.00 (attendance fee addback)) for costs incurred in obtaining deposition, hearing, and trial transcripts.

### E.  Fees and Disbursements for Printing

Next, Carnival seeks $2,216.25 in costs for fees and disbursements for printing under § 1920(3). Specifically, Carnival requests payment for trial exhibits. Carnival printed 14,247 pages in black-and-white at $0.12 per page, and 738 pages in color at $0.49 per page.

Gould does not challenge Carnival's requested fees for printing. Nonetheless, Carnival has the burden of demonstrating how its $2,216.25 in printing costs were necessarily incurred in the case. *See Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2019 WL 12278758, at *8 (S.D. Fla. Dec. 26, 2019), report and recommendation adopted, No. 14-21385-CIV, 2020 WL 9551978 (S.D. Fla. Jan. 15, 2020); *see also Nolasco v. AKS Cartage Corp.*, No. 17-21728-CIV, 2018 WL 4905873, at *3 (S.D. Fla. Sept. 5, 2018)

(reducing printing costs where the prevailing party failed to explain why the "printing costs were necessarily incurred in the case").

### 1.    Black-and-White Copies

Here, Carnival argues that these exhibits were necessary for use at trial. These copies consist of "Plaintiff's medical records, employment records, and Carnival's relevant policies and procedures, most of which were admitted as exhibits at trial." [ECF No. 199-1, p. 4]. Insofar as the prevailing party demonstrates that the printing of exhibits was necessarily obtained for use in the case, "trial exhibits . . . are expressly taxable." *Voudy v. Israel*, No. 15-60129-CV, 2018 WL 4462196, at *2 (S.D. Fla. June 28, 2018), report and recommendation adopted sub nom., *Voudy v. Sheriff of Broward Cty. Fla.*, No. 15-60129-CIV-WPD, 2018 WL 4409842 (S.D. Fla. July 31, 2018) (citing *Beach-Mathura v. American Airlines, Inc.*, 571 Fed.Appx. 810, 813 (11th Cir. 2014)). Further, Carnival's requested rate for reimbursement at $0.12 per page is reasonable. *See A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2019 WL 2245507, at *4 (S.D. Fla. Apr. 17, 2019) (noting that black and white copies with rates between $ 0.15 and $ 0.20 per page were recoverable), report and recommendation adopted, No. 17-24223, 2019 WL 12265658 (S.D. Fla. July 16, 2019). Therefore, Carnival carries its burden regarding its non-color copies and is **granted** those costs in the amount of **$1,829.31** (14,247 pages at $0.12 per page, plus 7.0% sales tax).

### 2. Color Copies

Color printing, however, has been found to be merely "for the convenience of counsel." *See Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 13174437, at *4 (S.D. Fla. May 26, 2011), report and recommendation adopted, No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011); *see also Brady*, 2021 WL 1988524, at *4. Here, Carnival presents no explanation for why it required 738 of its pages to be printed in color, a rate which is four-times more expensive than the black-and-white rate. Because Carnival fails to provide this explanation, its request to be awarded costs for color printing are denied.

In sum, Carnival's request for fees and disbursements for printing will be **granted in part and denied in part**, in the amount of **$1,829.31** (14,247 pages at $0.12 per page, plus 7.0% sales tax).

### F. Fees for Exemplification and the Costs of Making Copies Where the Copies are Necessarily Obtained for Use in the Case

Lastly, Carnival seeks $281.00 for exemplification and costs of making copies. Specifically, Carnival seeks reimbursement for the costs it incurred in obtaining Plaintiff's medical records. [ECF No. 199, p. 6]. Plaintiff contests Carnival's requests for said costs, on the ground that Carnival's copy invoices lacked the requisite specificity. [ECF No. 200, pp. 8-9].

The only items recoverable under § 1920(4) are "copies of paper" or "exemplification(s)." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296

(11th Cir. 2001). Copies of paper involve reproductions of paper. *Id*. An exemplification, meanwhile, is "[a]n official transcript of a public record, authenticated as a true copy for use as evidence . . . ." *Id.* at 1297.

As for the copies, Carnival must "present evidence regarding the documents copied including their use or intended use." *People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium & Festival Fun Parks, LLC*, No. 15-22692-CIV, 2017 WL 7513237, at *6 (S.D. Fla. May 31, 2017), report and recommendation adopted sub nom., *People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, No. 1:15-CV-22692-UU, 2017 WL 7411187 (S.D. Fla. July 24, 2017). Moreover, Carnival has the "burden of adequately describing the copying costs so that the court may determine their taxability." *Carroll*, 2018 WL 1795469, at *6 (*citing Davis v. Cruise Operator, Inc.*, No. 16-CV-62391, 2017 WL 4347031, at *3 (S.D. Fla. Sept. 29, 2017)).

Carnival argues that obtaining Plaintiff's medical records was necessary for use in the case, as many of these records were used during Plaintiff's deposition, at trial, and in assisting the opinions of expert witnesses. [ECF No. 199, p. 6]. This District has held that medical records that are obtained for necessary use in the case are recoverable under § 1920(4). *See Easterwood v. Carnival Corp.*, No. 19-CV-22932, 2021 WL 3473184, at *6 (S.D. Fla. Aug. 6, 2021) (finding that medical records necessarily obtained for use in the case were recoverable); *LeRoux v. NCL (Bahamas) Ltd.*, No. 15-23095-CIV, 2018 WL 1863647, at

*3 (S.D. Fla. Jan. 23, 2018), report and recommendation adopted, No. 15-23095-CIV, 2018 WL 1859333 (S.D. Fla. Feb. 9, 2018) (same).

Here, Carnival's argument that the medical records were necessarily obtained for use in the case is persuasive. It is entirely reasonable that Gould's medical records were necessarily obtained given that Gould's injuries were significant to her claim.

Further, Plaintiff's argument that Carnival's copy invoices lacked specificity is not compelling. While the prevailing party may not place a burden on the court to hopelessly "rummage" through hundreds of documents, the prevailing party does not have to "articulate the *specific* reasons for each (copy) . . . ." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2019 WL 2245507, at *4 (S.D. Fla. Apr. 17, 2019) (emphasis added), report and recommendation adopted, No. 17-24223, 2019 WL 12265658 (S.D. Fla. July 16, 2019). Here, Carnival placed the court in no such undesirable position. Carnival included sufficiently detailed invoices and letters requesting payment. [ECF No. 199-3.]

Based on the foregoing, Carnival's request for copying costs is **granted**, in the amount of **$281.00**.

IV.     **Conclusion**

The Undersigned **grants in part and denies in part** Carnival's motion to tax costs, and awards Carnival **$7,761.25** plus interest from the date of the final judgment in Carnival's favor.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 10, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record